IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BATTAGLIERI,<br><br>    Plaintiff,<br><br>  v.<br><br>REMINGTON LODGING AND HOSPITALITY, L.P., et al.,<br><br>    Defendants               / | No. C-09-2468 MMC<br><br>**ORDER DIRECTING DEFENDANTS TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |

      Before the Court is defendants Remington Hospitality, Inc. ("Remington Hospitality") and Per Nillson's ("Nillson") Notice of Removal, filed June 3, 2009, by which defendants have removed from state court plaintiff's complaint, on the basis of diversity of citizenship. Plaintiff's claims arise under state law and pertain to events that allegedly occurred while he was employed by "Remington Lodging and Hospitality, L.P." (See Compl. ¶¶ 8, 16.)

      According to the Notice of Removal, plaintiff is a citizen of California, Nillson is a citizen of Colorado, and Remington Hospitality is "a limited liability corporation incorporated under the laws of the State of Delaware with its principle place of business in Dallas, Texas." (See Notice of Removal ¶ 4.)[1]

      At the outset, the Court observes that plaintiff has not named as a defendant herein

---

[1] Delaware law provides for the formation of a "limited liability company" ("LCC") by one or more members thereof. See Del. Code Ann. tit. 6, §§ 18-201, 18-301.

"Remington Hospitality, Inc.," but, rather, has named, in addition to Nillson, "Remington Lodging and Hospitality, L.P." Defendants fail to allege that plaintiff has erroneously named "Remington Lodging and Hospitality, L.P." as a party hereto, or to otherwise allege why Remington Hospitality is a proper party.

In any event, assuming, <u>arguendo</u>, Remington Hospitality is a proper party, it does not appear defendants have sufficiently alleged diversity of citizenship. As noted, defendants state Remington Hospitality is an LLC. For purposes of diversity, "an LLC is a citizen of every state of which its owners/members are citizens." <u>See</u> <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 900 (9th Cir. 2006). Defendants fail, however, to allege the citizenship of each member of Remington Hospitality. Consequently, there is an insufficient showing of complete diversity.

Accordingly, defendants are hereby ORDERED TO SHOW CAUSE, in writing and no later than June 22, 2009, why the instant matter should not be remanded for lack of subject matter jurisdiction. Plaintiff shall file any reply to defendants' response no later than June 29, 2009, on which date the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: June 8, 2009

MAXINE M. CHESNEY
United States District Judge